IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SHANE R. BAGLEY,                )
                                )
        Petitioner,              )
                                )
v.                              )   Case No. CIV-10-732-M
                                )
DEPARTMENT OF CORRECTIONS       )
and DIRECTOR JUSTIN JONES,       )
                                )
        Respondents.             )

# REPORT AND RECOMMENDATION

The Petitioner, Mr. Shane Bagley, seeks habeas relief for irregularities in a prison disciplinary hearing. The Court should dismiss the petition, without prejudice, based on a failure to exhaust state court remedies.

# BACKGROUND

While incarcerated, Mr. Bagley was found guilty of "communicating a threat to staff."[1] The Petitioner appealed, authorities affirmed the disciplinary conviction,[2] and Mr. Bagley unsuccessfully sought judicial review in state court.[3] The habeas action followed.

---

[1] *See* Appeal From the Denial of Relief in Judicial Review of Disciplinary Proceedings at p. 3 (July 12, 2010) ("Petition"); Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus at p. 2 & Exhibit 2 (July 22, 2010) ("Respondents' Motion to Dismiss").

[2] Respondents' Motion to Dismiss, Exhibit 3.

[3] *See* Petition at p. 2; Respondents' Motion to Dismiss, Exhibits 5 & 7.

## EXHAUSTION REQUIREMENT

There is no express statutory exhaustion requirement in actions arising under Section 2241.[4] However, federal common law ordinarily requires prisoners to exhaust available state remedies before they can obtain habeas relief.[5] A petitioner may satisfy the exhaustion requirement by showing either: (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress."[6] If a state judicial remedy is available, the petitioner must "properly present[] [his claim] to the highest state court . . . ."[7]

## FAILURE TO EXHAUST

Mr. Bagley presents three grounds for habeas relief:

- an absence of evidence to uphold the disciplinary conviction,

- failure to disclose the evidence relied upon for the finding of guilt, and

- denial of the opportunity to present evidence at the disciplinary hearing.[8]

---

[4] Mr. Bagley has not invoked a particular statute for the habeas claim. *See* Petition, *passim*. But because the petition involves execution of the sentence, the governing statute is 28 U.S.C. § 2241. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (attacks on prison disciplinary proceedings are considered attacks on the execution of a sentence, triggering 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254).

[5] *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ("A habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.'" (citation omitted)).

[6] *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citations omitted).

[7] *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted).

[8] Petition at pp. 5-10.

2

These claims are unexhausted.

For these claims, Oklahoma law provided Mr. Bagley with an available avenue of redress through judicial review over disciplinary proceedings.[9] The Petitioner exercised this option and properly sought review in state district court.[10] But the Oklahoma Court of Criminal Appeals ("OCCA") dismissed the appeal as untimely because Mr. Bagley had not filed the petition in error within 30 days of the district court's ruling.[11]

Because Mr. Bagley's appeal was untimely, he has not "properly presented" his habeas claims to the OCCA and he has not exhausted state court remedies.[12] But an available remedy exists in state court, as Oklahoma law allows the OCCA to entertain time-barred appeals when the petitioner was not at fault for the delay.[13] Mr. Bagley alleges that he could not timely appeal because he was on "lock down" status.[14] This allegation could lead the OCCA to conclude that the delay was not Mr. Bagley's fault. Under these circumstances, the state appellate court might allow the appeal to proceed.

---

[9] *See* Okla. Stat. tit. 57, § 564.1 (2005 supp.).

[10] *See supra* pp. 1-2.

[11] Respondents' Motion to Dismiss, Exhibit 7; *see supra* p. 1.

[12] *See Torrence v. Hannigan*, 185 F.3d 875, 1999 WL 394650, Westlaw op. at 1 (10th Cir. June 16, 1999) (unpublished op.) ("An untimely appeal that is rejected by the state appellate court on that basis is not considered to have been 'properly presented' [for purposes of exhaustion].").

[13] Rule 2.1(E)(1), Rules of the Oklahoma Court of Criminal Appeals.

[14] Petition at p. 2.

Because this possibility exists, the federal district court should conclude that a state court remedy remains available.[15] In these circumstances, the Court should order dismissal without prejudice to refiling.[16]

---

[15] The Tenth Circuit Court of Appeals addressed a similar situation in *Braggs v. Attorney General*, 166 F. 346, 1998 WL 864070 (10th Cir. Dec. 14, 1998) (unpublished op.). There an Oklahoma prisoner failed to exhaust state court remedies on habeas claims involving denial of due process and ineffective assistance of counsel. *See Braggs v. Attorney General*, 166 F.3d 346, 1998 WL 864070, Westlaw op. at 1 (10th Cir. Dec. 14, 1998) (unpublished op.). The failure to present the claims on direct appeal created a possibility of procedural default. *See id.* However, the Tenth Circuit Court of Appeals acknowledged that the possibility of a return to state court required dismissal without prejudice:

> However, Oklahoma courts have recognized certain exceptions to the procedural bar rule. Specifically, a defendant may raise issues in an application for post-conviction relief not asserted on direct appeal if "sufficient reason" prevented assertion of the error or if defendant bypassed direct appeal because of a procedural error of counsel. Because there is a possibility that the state court may allow review of [the petitioner's] claims under one of these exceptions, there remains an available state avenue of redress, and [the petitioner] must exhaust that remedy before proceeding with his federal habeas petition.

*Braggs v. Attorney General*, 166 F.3d 346, 1998 WL 864070, Westlaw op. at 2 (citations omitted); *see also Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981) (*per curiam*) ("We will not excuse a failure to exhaust state remedies unless it is affirmatively shown that resort to them would be useless." (citation omitted)).

[16] The Respondents argue that the Petitioner is procedurally barred from pursuing habeas relief because he had failed to exhaust his claims in state court. Respondents' Motion to Dismiss at pp. 5-8. In making this argument, the Respondents have conflated the distinct concepts of procedural default and nonexhaustion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 850-51 (1999) (Stevens, J., dissenting) (discussing the "separate" and "analytically distinct" rules of exhaustion and procedural default); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (stating that "[e]xhaustion and procedural default . . . are distinct concepts"). The doctrine of procedural default would be triggered only if the state courts would "clear[ly]" decline to reach the merits of the habeas claims. *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989) (citations omitted). Because a state court remedy potentially remains, the Court should decline to apply the doctrine of procedural default. The distinction affects the outcome because a dismissal for nonexhaustion is typically without prejudice and a dismissal for procedural default is ordinarily with prejudice. *Compare Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997) ("Generally, when a habeas petitioner has failed to exhaust his state court remedies, a federal court should dismiss the petition without prejudice so that those remedies

## RECOMMENDATION

The Court should dismiss the petition, without prejudice, and allow Mr. Bagley to exhaust his state court remedies by seeking leave to appeal out of time.

## NOTICE OF THE RIGHT TO OBJECT

The Petitioner can object to this report and recommendation. To do so, Mr. Bagley must file an objection with the Clerk of this Court. The deadline for objections is October 29, 2010.[17] The failure to timely object would foreclose appellate review of the suggested ruling.[18]

## STATUS OF THE REFERRAL

The referral is discharged.

Entered this 12th day of October, 2010.

                                        */s/ Robert E. Bacharach*
                                        Robert E. Bacharach
                                        United States Magistrate Judge

---

may be pursued." (citations omitted)), *with Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999) ("dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds" (citations omitted)).

[17]    *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2006).

[18]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").